UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON LLOYD HOUSTON,<br><br>Plaintiff,<br><br>v.<br><br>ANNE MARIE SCHUBERT,<br><br>Defendant. | No. 2:15-cv-2156 AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a Sacramento County pretrial detainee, incarcerated at the Rio Cosumnes Correctional Center, who proceeds pro se with this putative civil rights action filed under 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Pursuant to his original complaint filed October 15, 2015, and five subsequently filed amended complaints, plaintiff challenges his bail ($645,000) as excessive, noting that he is otherwise homeless. Plaintiff seeks damages in the amount of $645,000, in order to make bail, plus "ten times" that amount in punitive damages. The variously named defendants include Sacramento County District Attorney Anne Marie Schubert, the Sacramento County Superior Court, the Sacramento County Sheriff's Department, and Sacramento County. Plaintiff avers that he has not sought to administratively exhaust this claim because "excessive bail is not a grievance

////

matter." ECF No. 12 at 2.  There is no indication that plaintiff has otherwise pursued this matter in the state courts.

Review of plaintiff's exhibits indicates that he was arrested on June 26, 2015.  Review of the online case access website operated by the Sacramento County Superior Court indicates that plaintiff's trial was recently continued, both on March 7 and March 10, 2016.[1]

Federal challenges to ongoing criminal proceedings are barred by the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).  A federal court must abstain under Younger if the following four requirements are met: (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the requested federal court action would enjoin the proceeding or have the practical effect of doing so.  See Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007).

Each of these factors is met in the instant case.  Plaintiff's state court criminal prosecution is pending; by definition, criminal prosecutions implicate important state interests; plaintiff is not barred from pursuing his implicit federal constitutional claim in his state criminal proceeding (i.e., the alleged violation of the Eighth Amendment's proscription against "excessive bail"); and the remedy plaintiff requests of this court would effectively enjoin or otherwise significantly disrupt the ongoing state criminal prosecution against plaintiff.  For these reasons, the court finds that plaintiff's excessive bail claim is barred in this court by the Younger abstention doctrine.  Therefore, this action should be dismissed without prejudice, without independent consideration of plaintiff's motions to proceed in forma pauperis or motion for summary judgment.

////

---

[1] This court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).  See:
https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/CaseDetails?SourceSystemId=8&SourceKey=1523631

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice, and all pending motions and requests be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 14, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE